**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JEFFREY HELLMAN, Individually, and KAREN
HELLMAN, His Spouse,

*Plaintiffs,*

-*vs*-

BRP, INC. a/k/a BOMBARDIER
RECREATIONAL PRODUCTS, INC., BRP US,
INC., ANDRE & SON POWER SPORTS, LLC,
MARK W. DAVENPORT, and NATALIE C.
DAVENPORT,

*Defendants.*

CV: 3:22−cv−00071 (MAD/ML)
_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants BRP, Inc. a/k/a Bombardier

Recreational Products, Inc. and BRP US, Inc. (collectively, "BRP Defendants") hereby remove

this action from the Supreme Court for the County of Tioga, New York, to the United States

District Court for the Northern District of New York. In support of removal, the BRP Defendants

state further:

**I.   BACKGROUND**

1.     On or about November 5, 2021, Jeffrey Hellman, individually, and Karen Hellman,

his spouse (collectively, "Plaintiffs") commenced this action with the filing of a Complaint in the

Supreme Court for the County of Tioga, New York, docketed at No. 2021-00062231. (*See*

*generally*, Ex. A, Compl.)

2.     In the Complaint, Plaintiffs allege that Jeffrey Hellman was injured on April 29,

2020 while riding as a passenger in a 2019 Can-Am Maverick Sport X RC 1000R (VIN:

3JB1PAX42KK000594), a recreational off highway vehicle developed by Bombardier

Recreational Products Inc., and distributed by BRP US, Inc. (the "subject vehicle"). (*See id.* ¶¶ 1, 11, 15, 23.)

3.      More specifically, Plaintiffs allege that the subject vehicle rolled over after its driver, Defendant Natalie Davenport, made a right-hand turn. (*See id.* ¶ 23.) Because Mr. Hellman was not wearing a seatbelt at the time of the rollover, he struck the roof of the vehicle, which led to multiple injuries, including multiple fractures of the spine and the development of a large hematoma on his head and paralysis throughout his body. (*See id.* ¶¶ 23, 25.) Plaintiffs claim that Mr. Hellman has been rendered a quadriplegic as a result of the accident. (*Id.* ¶ 25.)

4.      Plaintiffs have filed suit against the BRP Defendants and Andre & Son Power Sports, LLC, bringing claims for negligence, strict liability, breach of implied warranty, breach of express warranty, and failure to warn. (*See generally*, *id.*) Additionally, Plaintiffs assert a negligence claim against the subject vehicle's owner and operator, Mark Davenport and Natalie Davenport, respectively. (*Id.*) Further, Plaintiffs assert a derivative loss of consortium claim on behalf of Karen Hellman against all Defendants. (*Id.*)

## II.   JURISDICTIONAL BASIS FOR REMOVAL

### A.     Complete Diversity of Citizenship Exists Among the Parties

5.      Based on the averments contained within the Complaint, Plaintiffs are citizens of New York. (*Id.* ¶ 2.)

6.      Bombardier Recreational Products, Inc. is a Canadian corporation with its principal place of business in Quebec, Canada. (*Id.* ¶ 3.)

7.      BRP US, Inc. is a Delaware corporation with its principal place of business in Sturtevant, Wisconsin. (*Id.* ¶ 5.)

8.      Andre & Son Power Sports, LLC is a Pennsylvania limited liability company with two members, both of whom are Pennsylvania citizens.

9.      Mark and Natalie Davenport are Pennsylvania citizens residing at 2███ ███ Warren Center, Pennsylvania 18851. (*See* Ex. B, Davenports' Notice of Consent to Removal.)

10.     Complete diversity of citizenship therefore exists among the parties, as no Defendant is a citizen of the State of New York.

**B.      The Matter in Controversy Exceeds $75,000**

11.     The Complaint alleges "severe and permanent disabling injuries and damages" to Mr. Hellman. (Compl. ¶¶ 49, 56, 61.) Plaintiffs seek both compensatory and punitive damages. (*See id.* ¶¶ 35, 68.)

12.     A defendant's burden in alleging the existence of federal jurisdiction upon removal "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

13.     A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

14.     Although the Complaint states only that Plaintiffs seek damages "in such fair and reasonable amount as may be awarded by a jury of their peers" of the state trial court (Compl. at *ad damnum* clause), "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

15.     In making its determination of whether the amount in controversy is satisfied, the Court may employ its judicial experience and common sense. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062–63 (11th Cir. 2010).

16.     In this instance, the question is whether—based on Plaintiffs' allegations of permanent, severe injuries necessitating ongoing medical care and treatment, including a demand for both compensatory and punitive damages—it is more likely than not that a reasonable jury could value this lawsuit at over $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

17.     Although the BRP Defendants deny that Plaintiffs are entitled to any damages whatsoever, it is obvious that the amount in controversy requirement is satisfied in this case based on the allegations of serious and permanent bodily injury to Mr. Hellman, pain and suffering, loss of earning capacity, loss of consortium, past, present, and future medical care and treatment, and the request for punitive damages.

18.     As such, this removal is proper because this Court has original jurisdiction over this action, as there is complete diversity of citizenship among the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1), 1441(a).

## III.   PROCEDURAL ELEMENTS

19.     BRP US, Inc. was served with the Complaint on January 11, 2022.

20.     To date, proper service through the Hague Convention has not been effectuated on Bombardier Recreational Products, Inc., although the Complaint was received by Bombardier Recreational Products, Inc., at the company headquarters in Valcourt, Quebec, Canada on January 11, 2022.

21.     This removal is timely as the Notice has been filed within thirty (30) days of the service of the Complaint on BRP US, Inc.

22.     This action is properly removed to the United States District Court for the Northern District of New York, Binghamton Division, because Plaintiffs' Complaint was originally filed in the Supreme Court for the State of New York, County of Tioga, which lies geographically within this judicial district and division. *See* 28 U.S.C. §§ 112(a), 1441(a).

23.     Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined ***and served*** must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

24.     There are five Defendants named in this action. Although proper service has been made on BRP US, Inc. only, both BRP Defendants consent to removal. Moreover, none of the three remaining Defendants—Andre & Son Power Sports, LLC, Natalie Davenport, and Mark Davenport—have been served in this matter. Therefore, removal may proceed with only the consent of the BRP Defendants.

25.     While consent of the non-served Defendants is not required, Defendants Natalie and Mark Davenport have expressly consented to the removal of this action. (*See generally* Ex. B.) Moreover, the BRP Defendants have confirmed through a docket review and conversations with the insurer for Andre & Son Power Sports, LLC, that Andre & Son has not yet been served. As such, all procedural requirements for removal have been satisfied.

26.     A copy of all process, pleadings, and orders served upon BRP is attached hereto as Exhibit C.

27.     BRP's disclosure statement is being filed concurrently with this Notice, in accordance with Rule 7.1 of the Federal Rules of Civil Procedure. (*See* Ex. D.)

28. Contemporaneously with the filing of this Notice of Removal, BRP will give written notice thereof to all adverse parties and will file a copy of this Notice with the Clerk of the Supreme Court for the State of New York, County of Tioga. 28 U.S.C. § 1446(d).

29. No previous application has been made for the relief requested in this Notice of Removal.

30. All procedural elements for removal have been satisfied.

## IV. RESERVATIONS AND REQUEST FOR ORAL ARGUMENT

31. If any question arises as to the propriety of the removal of this action, the BRP Defendants respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

32. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the BRP Defendants' right to assert any defense or affirmative matter including, without limitation, the defense of (a) lack of personal jurisdiction; (b) improper or inconvenient venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party; or (h) any other procedural or substantive defense available under state or federal law.

## V. JURY DEMAND

33. The BRP Defendants demand a trial by jury on all issues so triable.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Bombardier Recreational Products, Inc. and BRP US, Inc. remove this action to the United States District Court for the Northern District of New York, Binghamton Division.

Dated: January 26, 2022                              Respectfully submitted,

*/s/ Kimberlee DeFazio*
Kimberlee N. DeFazio
ASWAD & INGRAHAM, LLP
46 Front Street
Binghamton, NY 13905
(607) 722-3495
(607) 722-2566
kimberlee.defazio@ailaw.com

and

Clem C. Trischler (*pro hac* to be sought)
PIETRAGALLO GORDON ALFANO BOSICK
        & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
412-263-2000 Telephone
412-263-2001 Facsimile
cct@pietragallo.com

*Counsel for Defendants, BRP, Inc. a/k/a Bombardier
Recreational Products, Inc. and BRP US, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, I electronically filed the foregoing document with the Clerk of Court for United States District Court for the Northern District of New York and served the same on the following counsel of record via First Class U.S. Mail, postage prepaid.

John C. Cherundolo
Peter C. Papayanakos
CHERUNDOLO LAW FIRM, PLLC
AXA Tower I, 15th Floor
100 Madison Street
Syracuse, New York 13202-2078
(315) 449-9500
ppapayanakos@cherundololawfirm.com
*Counsel for Plaintiffs*

*/s/ Kimberlee DeFazio*
Kimberlee N. DeFazio